UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEAH E. BIERER, RACHEL A. BAXTER, and** | * | **CIVIL ACTION NO.:** |
| **SUCCESSION OF GREGORY GENE BAXTER** | * | |
| | * | |
| VS. | * | SECTION " " |
| | * | |
| **HAPPY STATE BANK** | * | |
| **d/b/a GOLDSTAR TRUST COMPANY and** | * | **JUDGE** |
| **UNIVERSAL COIN & BULLION, LTD.** | * | |
| | * | **MAGISTRATE** |

*****************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **Leah E. Bierer**, a person of full age of majority and citizen of the Commonwealth of Pennsylvania; and **Rachel A. Baxter**, a person of full age of majority and citizen of the Commonwealth of Pennsylvania, and the **Succession of Gregory Gene Baxter**, through its Independent Administrator Leah E. Bierer, a citizen of the Commonwealth of Pennsylvania (Gregory Gene Baxter was a citizen of the State of Louisiana), and with respect represents that:

1.

Made Defendants herein are:

a) **Happy State Bank,** doing business as, **GoldStar Trust Company** ("GoldStar")**,** a banking institution licensed in and a citizen of the State of Texas doing business within the jurisdiction of this Honorable Court, and

b) **Universal Coin & Bullion, Ltd.**, a limited partnership formed in and citizen of the State of Texas, whose general partner is UCB Management Company, a Texas corporation and citizen of the State of Texas doing business within the jurisdiction of this Honorable Court.

2.

Defendants are liable jointly, several, and <u>in solido</u> for the damages claimed by Plaintiffs herein, together with penalties, legal interest from date of judicial demand, all costs of these proceedings, and attorneys' fees for the following reasons to-wit:

**JURISDICTION AND VENUE**

3.

This Honorable Court has diversity jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

4.

Venue is proper in this Court as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of this Honorable Court, pursuant to 28 U.S.C. §1391(b)(2).

**FACTUAL BACKGROUND**

5.

Gregory Gene Baxter opened an account with GoldStar, Account No. R1000616212 ("Account").

6.

Defendants sell gold assets for the purposes of investment.

7.

From December 2016 through February 2018, Gregory Gene Baxter deposited over $208,000.00 into the Account.

8.

Defendants sold gold assets to Gregory Gene Baxter for investment in the Account.

9.

Gregory Gene Baxter purchased gold assets with purchase prices totaling over $208,000.00.

10.

The gold sold by Defendants to Gregory Gene Baxter was sold at inflated prices price in excess of the market rate for gold assets at the time of purchase.

11.

Further, Defendant GoldStar charged Gregory Gene Baxter unnecessary and excessive fees and charges on the Account.

12.

Defendants failed to inform Gregory Gene Baxter that the gold assets purchased for the account were sold at inflated price in excess of the market rate for such gold assets at the time of purchase.

13.

On November 26, 2019, Gregory Gene Baxter died.

14.

Despite depositing over $208,000.00 into the Account, the value of the Account at the time of Gregory Gene Baxter's death was less than $96,000.00.

15.

On March 24, 2020, a Judgment of Possession was signed in the matter entitled *Succession of Gregory Gene Baxter* in the 24th Judicial District Court for the Parish of Jefferson placing Plaintiffs, Leah E. Bierer and Rachel A. Baxter, into possession of one-half each of Gregory Gene Baxter's interest in GoldStar, Account No. R1000616212.

16.

The Judgment of possession further ordered that, "[a]ll banks, trust companies, insurance companies, and all other persons, partnerships, incorporated associations, or corporations having on deposit or in their possession, or under their control, any money, credits, stocks, dividends, bonds or other property depending upon or belonging to the succession of the Decedent, GREGORY GENE BAXTER, are hereby required to deliver them to Leah E. Bierer, as per this Judgment."

17.

On July 17, 2020, Plaintiffs, Leah E. Bierer and Rachel A. Baxter, through undersigned counsel, made written demand upon Defendant GoldStar to deliver possession of the Account assets to Plaintiffs.

18.

In response to Plaintiffs' demand, Defendant GoldStar sought to have Plaintiffs open additional accounts with GoldStar in order to charge Plaintiffs additional and unnecessary fees.

19.

Despite amicable demand, Defendants failed to deliver any Account assets to Plaintiffs.

20.

Despite amicable demand, Defendants continue to hold possession of the Account assets.

## CAUSES OF ACTION

## CONVERSION

21.

Louisiana law provides that a conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.[1] The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation.[2]

22.

Pursuant to the Judgment of Possession, Plaintiffs, Leah E. Bierer and Rachel A. Baxter, are the owners of the Account assets.

23.

Plaintiffs, though counsel, made demand for the return of the Account assets to Plaintiffs.

24.

Despite amicable demand, Defendants refuse to deliver the Account assets to Plaintiffs.

25.

Defendants' actions of withholding possession of Plaintiff's assets are conversion.

---

[1] *Dual Drilling Co. v. Mills Equip. Investments, Inc.*, 98-0343 (La. 12/1/98); 721 So. 2d 853, 857 citing Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law § 1-2, at 3 (1996 & Supp. 1998); *Importsales, Inc. v. Lindeman*, 231 La. 663, 92 So.2d 574 (La. 1957); *see also Louisiana State Bar Assoc. v. Hinrichs,* 486 So.2d 116 (La. 1986).

[2] *Id.*

26.

As a result of Defendants' conversion of Plaintiff's assets, Plaintiffs are entitled to recover the assets from Defendants, or, in the alternative, all damages and compensation resulting therefrom.

## BREACH OF CONTRACT

27.

Upon opening the Account, Gregory Gene Baxter entered into a contract with Defendants to purchase gold assets for investment.

28.

During the term of the contract, Defendants sold Gregory Gene Baxter gold assets in excess of the market value of such gold assets.

29.

During the term of the contract, Defendants charged Gregory Gene Baxter unnecessary and excessive fees and charges on the Account.

30.

Defendants breached their contract with Gregory Gene Baxter by selling gold assets to Gregory Gene Baxter at inflated prices and charging unnecessary and excessive fees and charges.

31.

As a result of Defendants' breach of contract, Plaintiffs have incurred damages, including loss of value of investments, loss of the unnecessary and excessive fees and charges on the Account, and loss of use of the funds and assets in the Account.

32.

Defendants are liable to Plaintiffs for breach of contract for all damages resulting therefrom.

## NEGLIGENT MISREPRESENTATION

33.

The elements of a Louisiana action based on negligent misrepresentation are: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); (5) the actual damages (the damages element). *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 633 (La. 2006).

34.

Defendants had a duty to provide accurate information to Gregory Gene Baxter regarding the value of the gold assets purchased for the Account.

35.

Defendants made negligent misrepresentations and omission and gave false information to Gregory Gene Baxter regarding the value of the gold assets purchased for the Account.

36.

Defendants negligently misrepresented and omitted information to Gregory Gene Baxter with the intent of having Gregory Gene Baxter purchase gold assets from Defendants and continue to purchase gold assets from Defendants.

37.

As a result of Defendants' negligent misrepresentations and omissions, Gregory Gene Baxter sustained damages.

38.

The Succession of Gregory Gene Baxter, through its Independent Administrator Leah E. Bierer, seeks the actual damages, punitive damages, and costs for Defendants' negligent omissions and misrepresentations to Gregory Gene Baxter.

**INTENTIONAL MISREPRESENTATION (FRAUD)**

39.

Under Louisiana law, fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.

40.

Under Louisiana law, the elements of a claim for fraud or intentional misrepresentation are: (1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury.

41.

Defendants have fraudulently omitted, misrepresented and given false information to Gregory Gene Baxter regarding the value of the gold assets purchased for the Account.

42.

Defendants' fraudulent misrepresentations were done with an intent to deceive Gregory Gene Baxter to purchase gold assets from Defendants.

43.

Defendants fraudulently omitted and misrepresented information to Gregory Gene Baxter with the intent of having Gregory Gene Baxter purchase gold assets from Defendants and continue to purchase gold assets from Defendants.

44.

As a result of Defendants' fraudulent omissions and misrepresentations, Gregory Gene Baxter sustained damages.

45.

The Succession of Gregory Gene Baxter, through its Independent Administrator Leah E. Bierer, seeks its actual damages, punitive damages, costs, and attorneys' fees for Defendant's fraudulent omissions and intentional misrepresentation to Gregory Gene Baxter.

WHEREFORE, Plaintiffs, Leah E. Bierer, Rachel A. Baxter, and the Succession of Gregory Gene Baxter, pray that their Complaint be deemed good and sufficient, that Defendants, Happy State Bank, doing business as, GoldStar Trust Company, and Universal Coin & Bullion, Ltd., be duly cited to appear and answer same within the delays allowed by law, and that following all due delays and legal proceedings, judgment be rendered in favor of Plaintiffs, Leah E. Bierer, Rachel A. Baxter, and the Succession of Gregory Gene Baxter, and against Defendant, Happy State Bank, doing business as, Gold Star Trust Company, and Universal Coin & Bullion, Ltd., in an amount reasonable in the premises, together with penalties and legal interest from date of judicial demand, and for all costs incurred, including attorney's fees, and all general and equitable relief that this Honorable Court deems fit and proper.

RESPECTFULLY SUBMITTED:

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

 /s/ Corey E. Dunbar
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com